IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOVERNMENT TELECOMMUNICATIONS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-592C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegation contained in the first sentence of paragraph one is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the second sentence of paragraph one is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

2. The allegation contained in paragraph two is a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. Denies the allegation contained in the first sentence of paragraph three, for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence of paragraph three to the extent supported by the contracts cited, which are the best evidence of

their contents; otherwise denies the allegations contained in the second sentence of paragraph three. Denies the allegations contained in the third, fourth and fifth sentences of paragraph three for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegation contained in paragraph four is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, defendant admits that the United States is the defendant in this action.

5. The allegations contained in the first sentence of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second, third, and fourth sentences of paragraph five. Denies the allegations contained in the fifth and sixth sentences of paragraph five for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the seventh sentence of paragraph five. Admits the allegation contained in the eighth sentence of paragraph five that the USPS represented to plaintiff that it would discuss contractual adjustments following contract award; denies the remainder of the allegations contained in the eighth sentence of paragraph five. The allegation contained in the

ninth sentence of paragraph five is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the tenth sentence of paragraph five is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

6. The allegation contained in paragraph six is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is admitted to the extent supported by the complaints in the actions cited, which are the best evidence of whether the actions are related; otherwise denies the allegation contained in paragraph six.

7. Admits the allegations contained in paragraph seven to the extent supported by the request for proposal ("RFP") and statement of work ("SOW") cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph seven.

8. Admits the allegations contained in the first sentence of paragraph eight to the extent supported by the proposals cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph eight. Admits the allegations contained in the second

and third sentences of paragraph eight.

9. Denies.

10. Defendant admits the allegation contained in the first sentence of paragraph 10 that the parties met prior to contract award on June 6, 2003; denies the remainder of the allegations contained in the first sentence of paragraph 10. Admits the allegations contained in the second sentence of paragraph 10 to the extent supported by the checklist cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 10.

11. Defendant admits the allegation contained in the first sentence of paragraph 11 that the USPS represented to plaintiff that it would discuss contractual adjustments following contract award; denies the remainder of the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11.

12. Admits the allegation contained in the first sentence of paragraph 12 to the extent that in common English usage, the phrase "Merrifield-like complexity" means a level of complexity similar to the USPS site in Merrifield, Virginia; denies the remaining allegations contained in the first sentence of paragraph 12. Denies the allegations contained in the second sentence of paragraph 12.

13. Admits.

14. Admits the allegations contained in the first sentence of paragraph 14. Denies the allegations contained in the second sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits.

16. Denies the allegation contained in the first sentence of paragraph 16 that the USPS made a "directive" to plaintiff; denies the remaining allegation contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the second sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 16 that plaintiff attempted to re-negotiate aspects of the contract; denies the remainder of the allegations contained in the third sentence of paragraph 16.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in the first and second sentences of paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

Denies the allegation contained in the third sentence of paragraph 26.

27. Denies the allegation contained in the first sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegation contained in the second sentence of paragraph 27 that the USPS adopted the complexity "scorecard" cited; denies the remainder of the allegations contained in the second sentence of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third and fourth sentences of paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Admits the allegation contained in paragraph 30 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in paragraph 30.

31. Denies.

32. The allegations contained in the first sentence of paragraph 32 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 32. The allegations contained in the second and third sentences of paragraph 32 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted.

33. Defendant's responses to paragraphs 1 through 32 of the complaint are incorporated by reference.

34. The allegation contained in the first sentence of paragraph 34 is a conclusions of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second sentence of paragraph 34.

35. The allegations contained in paragraph 35 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits the allegation contained in paragraph 36 that the USPS represented to plaintiff that it would discuss contractual adjustments following contract award; denies the remainder of the allegations contained in paragraph 36.

37. Denies the allegations contained in the first sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 37 that plaintiff attempted to re-negotiate aspects of the contract; denies the remainder of the allegations contained in the second sentence of paragraph 37.

38. The allegations contained in paragraph 38 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39. Admits the allegation contained in the first sentence of paragraph 39 that the Postal Service has not paid plaintiff monies in response to its alleged request for adjustment and claim; the remainder of the allegations contained in the first sentence of paragraph 39 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 39.

40. The allegations contained in paragraph 40 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 40 or to any relief whatsoever.

41. Defendant's responses to paragraphs 1 through 40 of the complaint are incorporated by reference.

42. Denies.

43. The allegations contained in paragraph 43 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. Denies the allegations contained in the first sentence of paragraph 44. Denies the allegations contained in the second sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Denies.

46. Admits the allegation contained in the first sentence of paragraph 46 that the Postal Service has not paid plaintiff monies in response to its alleged request for adjustment and claim; the remainder of the allegations contained in the first sentence of paragraph 46 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph 46.

47. The allegations contained in paragraph 47 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 47 or to any relief whatsoever.

48. Defendant's responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. Admits the allegation contained in paragraph 49 that the USPS represented to plaintiff that it would discuss contractual adjustments following contract award; denies the remainder of the allegations contained in paragraph 49.

50. Denies the allegations contained in the first sentence of paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 50 that plaintiff attempted to re-negotiate aspects of the contract; denies the remainder of the allegations contained in the second sentence of paragraph 50.

51. Denies.

52. Admits the allegation contained in the first sentence of paragraph 52 that the Postal Service has not paid plaintiff monies in response to its alleged request for adjustment and claim; the remainder of the allegations contained in the first sentence of paragraph 52 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation

contained in the second sentence of paragraph 52.

53. The allegations contained in paragraph 53 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 53 or to any relief whatsoever.

54. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated by reference.

55. Denies.

56. Denies.

57. Denies.

58. The allegations contained in paragraph 58 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 58 or to any relief whatsoever.

59. Defendant's responses to paragraphs 1 through 58 of the complaint are incorporated by reference.

60. Denies.

61. Denies.

62. Denies.

63. The allegations contained in paragraph 63 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 63 or to any relief whatsoever.

64. Defendant's responses to paragraphs 1 through 63 of the complaint are incorporated by reference.

65. Denies.

66. Denies.

67. Denies.

68. The allegations contained in paragraph 68 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 68 or to any relief whatsoever.

69. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

RENEE C. MACRI
Attorney
United States Postal Service
Law Department

SEPTEMBER 15, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 15th day of SEPTEMBER, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore